UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LEAH BLACK,<br><br>Plaintiff,<br><br>v.<br><br>EASTPOINTE COMMUNITY SCHOOLS and CHRISTINA GIBSON,<br><br>Defendants. | Case No. 24-cv-10032<br><br>Honorable Robert J. White |

**ORDER DIRECTING SUPPLEMENTAL BRIEFING**

Leah Black commenced this employment discrimination and hostile work environment action against Eastpointe Community Schools and its superintendent, Christina Gibson. The complaint alleges, among other things, that the ECS Defendants denied promoting Black because of her race.

Upon reviewing the cross-motions for summary judgment (ECF Nos. 32-33), it appears that Black's failure-to-promote theory is untimely because both 42 U.S.C. § 1983 and the Elliott-Larsen Civil Rights Act have a three-year statute of limitations. *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 867 n.8 (6th Cir. 2020); *see also Garg v. Macomb Co. Comm. Mental Health*, 472 Mich. 263, 284-285 (2005); Mich. Comp. Laws § 600.5805(2). And the alleged misconduct occurred from

July/August 2017 through 2019 – nearly five years (or more) before Black instituted this lawsuit. (ECF No. 1). Accordingly,

IT IS ORDERED that the parties shall file supplemental briefs addressing whether Black's failure-to-promote theory is timely under (1) 42 U.S.C. § 1983, and (2) the Elliott-Larsen Civil Rights Act.

IT IS FURTHER ORDERED that the briefs shall not exceed 10 substantive pages.

IT IS FURTHER ORDERED that the parties must file the supplemental briefs to the docket no later than **Tuesday, September 8, 2026 at 5:00 P.M.**

Dated: August 31, 2026

s/ Robert J. White
Robert J. White
United States District Judge